The sureties to an appeal bond which suspends the execution of an order of seizure and sale are liable for the residue of the mortgage debt that remains unsatisfied after the proceeds of sale of the mortgaged property have been realized and imputed to it. Landry *v.* Victor, 30 La. Ann. 1041, reaffirmed.

Heirs of Gutierrez *vs.* Croner.

The condition of the suspensive appeal bond, that the appellant shall prosecute his appeal and shall satisfy whatever judgment may be rendered if he be cast in his appeal, is fulfilled if he shall fail to file his appeal within the delay permitted.

Where a suit has been filed to compel payment by the sureties without first taking any steps to enforce payment by the principal, and the sureties plead to the merits, they thereby waive the exception of prematurity which should have been pleaded *in limine litis.*

Where the sureties bind themselves for different sums which aggregate the prescribed amount of the bond, it is good, and a solidary judgment can be entered against *all* only for the smallest sum for which any surety is bound, and against the others *in solido* for such other sum as is covered by their solidary obligation.

APPEAL from the Fourth District Court of New Orleans. LYNCH, J.

*Fellows* for Plaintiff Appellant. *Dibble* for Defendants.

Taylor obtained an order of seizure and sale which Conway suspended by appeal on a bond for ten thousand dollars — one surety binding himself for one thousand, another for two, and a third for seven. The appeal was never lodged in the Supreme Court. After the expiry of the time in or at which the appeal was returnable, Taylor obtained a certificate of the clerk of the Supreme Court that no transcript had been filed and produced it before the lower court, whereupon the sheriff proceeded with the executory process, and the property was sold thereunder. The proceeds of sale did not extinguish the mortgage debt. A residue of about thirteen hundred dollars remained unsatisfied. Taylor sued at once on the bond without any preliminary action against the principal, and the sureties pleaded to the merits. Judgment was for the defendants below.

DE BLANC, J., delivered the opinion reversing the judgment, and gave a judgment *in solido* against all the sureties for one thousand dollars, and a like judgment against the two sureties who were bound above that sum for the residue.